UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARRYL MARTIN JOHN OATRIDGE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FUTURE MOTION, INC., <br><br> Defendant. | Case No. 21-cv-09906-BLF <br><br> **ORDER GRANTING MOTION TO STAY AND MOTION FOR A PROTECTIVE ORDER** <br><br> [Re: ECF No. 40] |

Before the Court are Defendant Future Motion, Inc.'s ("Future Motion") Motion to Stay Proceedings Pending Transfer and Coordination Decision by the Judicial Panel on Multidistrict Litigation ("Motion to Stay") and Motion for a Protective Order. ECF No. 40 ("Mot."). Plaintiffs oppose both motions. ECF No. 43 ("Opp."). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument. The Court HEREBY VACATES the hearing scheduled for February 22, 2024. *See* ECF No. 40. For the reasons described below, the motions are GRANTED.

**I.   BACKGROUND**

There are currently 28 federal products liability actions, including this one, pending in 15 districts across the country involving the Onewheel electric skateboard made and sold by Future Motion. Mot. at 4; Opp. at 2. These actions involve a common set of facts in that the plaintiffs similarly, or identically, allege that they fell because the Onewheel stopped or shut off unexpectedly. Mot. at 4; Opp. at 3. Future Motion has filed a motion with the Judicial Council on Multidistrict Litigation ("JPML"), pursuant to 28 U.S.C. § 1407, to transfer all federal cases for coordinated pretrial proceedings ("Motion to Transfer"). Mot. at 4. This motion is currently scheduled to be heard by the JPML on November 30, 2023. *In re Future Motion, Inc. Products*

1  *Liability Litigation*, MDL No. 3087 (J.P.M.L. Oct. 13, 2023) ("JPML Notice of Hearing Session")
2  at 5.  "Future Motion asks the Court to stay all proceedings in this action, and issue a protective
3  order relative to deposition notices issued by Plaintiffs, until the JPML has an opportunity to
4  decide the motion."  Mot. at 4.  Plaintiffs oppose both requests.  Opp. at 6-13.

## II. LEGAL STANDARD

"In considering whether a stay is appropriate, the Court weighs three factors: [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Johnson v. Monterey Fish Co., Inc.*, No. 18-cv-01985-BLF, 2018 WL 2387849, at *1 (N.D. Cal. May 25, 2018) (quoting *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014)). These factors are drawn from the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936).  *Id.*

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed R. Civ. Proc. 26(c)(1).  "The party seeking a protective order bears the burden of showing good cause for the order by 'demonstrating harm or prejudice that will result from the discovery.'"  *Apple, Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 262 (N.D. Cal. 2012) (quoting *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004)).

## III. DISCUSSION

### A. Motion to Stay

The Parties each argue that the *Landis* factors favor their requested relief.  Mot. at 9-11; Opp. at 6-10.  The court addresses the three factors in turn.

#### 1. The Possible Damage From Granting a Stay

Future Motion argues that "Plaintiffs will not be prejudiced by a stay that will be lifted as soon as the JPML issues its decision."  Mot. at 9.  Future Motion's Motion to Transfer is set for hearing on November 30, 2023 (JPML Notice of Hearing Session at 5), and Future Motion anticipates that the JPML's Order will be issued shortly after this hearing.  Mot. at 9.  Future

1  Motion argues that the JPML motion will be granted, but claims that even if it isn't, there would
2  still be ample time for discovery in the matter in time for the currently scheduled trial date of late
3  September 2024. *Id.* at 9-10.
4     Plaintiffs respond that "the JPML is unlikely to grant [Future Motion's] [Motion to
5  Transfer]" and there is "no indication that such a decision will be quickly forthcoming." Opp. at
6  6-7. Plaintiffs cite to a statistic that "in 2022 there were 45 motions for centralizations filed, but
7  the JPML only issued orders in 39 of those cases." *Id.* at 7 (citing JPML, Calendar Year Statistics,
8  available at https://www.jpml.uscourts.gov/sites/jpml/files/JPML_Calendar_Year_Statistics-
9  2022.pdf). Plaintiffs also argue that even if the JPML denied the claim shortly after the hearing,
10 there would still not be enough time to complete discovery, file dispositive motions, and prepare
11 for trial. *Id.* at 7-8. Plaintiffs also claim that a stay would prejudice them because it would "serve
12 potentially to waste the financial resources expended by the Oatridge Family to the tune of tens of
13 thousands of dollars." *Id.* at 8.
14    Future Motion replies that "the JPML typically decides MDL motions efficiently." ECF
15 No. 45 ("Reply") at 2.
16    The Court agrees with Future Motion. "[T]he JPML frequently adjudicates motions to
17 transfer only days after oral argument . . . ." *Thang v. T-Mobile US, Inc.*, No. 21-cv-06473-BLF,
18 2021 U.S. Dist. LEXIS 209531, at *2 (N.D. Cal. Oct. 29, 2021); *see, e.g.*, *In re Blackbaud, Inc.*
19 *Customer Data Sec. Breach Litig.*, 509 F. Supp. 3d 1362 (J.P.M.L. 2020) (creating MDL twelve
20 days after hearing). Since the Motion to Transfer will be heard on November 30, 2023, the Court
21 anticipates that the stay will be short enough that it will not significantly impact this case's
22 schedule. A short stay may require a shift in certain case deadlines. But the risk of a short delay
23 in the instant case is worth clarity from the JPML on the outstanding Motion to Transfer.
24 Furthermore, the Court finds that Plaintiffs' claim that delay would cause a "potential[]" waste of
25 financial resources too vague and speculative to warrant a finding of prejudice.
26    Plaintiffs' statistic that "there were 45 motions for centralizations filed, but the JPML only
27 issued orders in 39 of those cases" (Opp. at 7) is not persuasive. The claim appears to correspond
28 to slide three of the JPML, Calendar Year Statistics slide show, which states that in 2022, 45

3

1  motions were filed, 22 motions were granted, and 17 motions were denied, moot, or withdrawn.

2  JPML, Calendar Year Statistics.  Plaintiffs claim that this statistic means that there is a possibility

3  of a delay leading to an "indefinite" stay.  Opp. at 7.  But that statistic, at best, paints a vague

4  picture about the time between filing a motion and the JPML ruling on that motion.  The statistic

5  and the cited slides say nothing about the issue at hand, how quickly the JPML rules after a

6  hearing.  The court finds that there is no useful application of the statistic to the instant case.

### 2.  The Hardship or Inequity From Denying a Stay

Future Motion argues that it "will face a significant burden if a stay is not granted while the JPML decides its pending MDL motion." Mot. at 10.  Future Motion claims that it "is a small company and its witnesses are not professional deponents; they are executives and engineers primarily engaged in Future Motion's business" and that "[t]he time involved in taking these depositions is burdensome to the company." *Id.*  Future Motion also notes that "Plaintiffs' counsel has already taken these witnesses' depositions in other Onewheel-related cases" and contends that "[i]f this case is not stayed, Future Motion will incur the burden and expense of discovery which would be duplicative of discovery once an MDL is created." *Id.*

Plaintiffs respond with two arguments.  First, Plaintiffs argue that "[Future Motion's] argument is a non-starter because '[t]he Ninth Circuit has ruled that a mere claim of duplicativeness of discovery is inadequate to support a stay.'" Opp. at 9 (quoting *In re Gupta Sec. Litig.*, No. 94-1517 FMS (FSL), 1994 WL 675209, at *3 (N.D. Cal. Sept. 24, 1994) (emphasis removed)).  Second, Plaintiffs argue that "[Future Motion] presupposes that the JPML is going to grant its [Motion to Transfer], which . . . is unlikely[.]" *Id.*

Future Motion replies that "[t]he risk of duplicative discovery is an appropriate reason to grant a stay pending an MDL decision." Reply at 3.

The Court finds that Future Motion will suffer prejudice if the case is not stayed.  The Parties would continue discovery and begin litigating pre-trial issues, resulting in a potential waste of resources if the JPML then transfers all the cases to a single forum.  This cost would be particularly stark for Future Motion, who would be forced to litigate the same issues and claims in multiple forums prior to any action by the JPML.  If the JPML transfers this and other actions to a

different forum, Future Motion would have to proceed according to the rules and rulings of the MDL court, which could differ from those here. Plaintiffs' two arguments to the contrary are unavailing. First, *Gupta* is inapposite because it is about a "stay of all discovery pending a ruling on [a] motion to dismiss plaintiffs' amended complaint." 1994 WL 675209, at *1. Second, Plaintiffs assertion that JPML will deny the Motion to Transfer is conclusory. This factor thus also weighs in favor of a stay.

### 3. The Orderly Course of Justice

"Preservation of judicial resources is a primary factor to consider in evaluating a motion to stay proceedings pending a transfer to an MDL court. . . . Courts generally grant a stay pending resolution of consolidated proceedings when a stay would avoid the needless duplication of work and the possibility of inconsistent rulings." *Lyon v. DePuy Orthopaedics, Inc.*, 2019 WL 4933586 (N.D. Cal. Oct. 7, 2019) (internal citations and quotations omitted). The Manual for Complex Litigation advises that "[a] stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well." Manual for Complex Litigation, Fourth, § 22.35 (2004).

Future Motion argues that a stay will "promote judicial economy" because "[t]he purpose of an MDL is to coordinate the pretrial adjudication of cases sharing common factual issues in a 'just and efficient' manner." Mot. at 11 (quoting 28 U.S.C. § 1407(a)). Future Motion explains that "[a]llowing this case to proceed while the JPML makes a determination on transfer and coordination would undermine that purpose." *Id.*

Plaintiffs respond that the Court would not need to expend any resources on this litigation until March 2024. Opp. at 9-10. Plaintiffs also add that "the delay that accompanies a stay will assuredly inconvenience the Court, the Parties, and their counsel when [Future Motion's] MDL attempts are rejected." *Id.* at 10.

Future Motion replies that "[d]ozens of courts agree with Future Motion on this point: 25 orders have been issued by federal courts in Onewheel-related cases staying proceedings pending the JPML's decision." Reply at 4 (citing ECF No. 45-1 (Wackman Reply Decl.) ¶¶ 2-4.)

The Court finds that a stay will serve the orderly course of justice. Future Motion is correct that it would not be efficient for this Court to take up pre-trial issues and make rulings given the imminent possibility that the JPML will transfer this action to a different forum. If this action is transferred elsewhere, it would be more efficient to allow the MDL court to make rulings that apply to all the transferred cases, without any potential for conflict with pre-trial rulings issued by courts that previously held the individual cases. This factor favors a stay.

\* \* \*

Having found that all three *Landis* factors weigh in favor of Future Motion, the Court GRANTS Future Motion's Motion to Stay.

### B. Motion For a Protective Order

For the reasons discussed above, the Court finds good cause to delay depositions and other discovery in this matter until the JPML rules on the Motion to Transfer. Thus, the Court GRANTS Future Motion's Motion for a Protective Order.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Future Motion's Motion to Stay and Motion for a Protective Order are GRANTED. The action is stayed until the JPML rules on the pending Motion to Transfer and any outstanding deposition notices are quashed consistent with this stay of proceedings. The Parties SHALL file a joint status report within 10 days of the JPML's decision on the pending Motion to Transfer.

Dated: October 30, 2023

BETH LABSON FREEMAN
United States District Judge

6