UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARRYL MARTIN JOHN OATRIDGE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FUTURE MOTION, INC.,<br><br>    Defendant. | Case No. 5:21-cv-09906-BLF<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE PARTY**<br><br>[Re: ECF No. 55] |

On December 21, 2021, Plaintiffs Darryl Martin John Oatridge and Bridget Oatridge filed a complaint against Defendant Future Motion, Inc., alleging various causes of action related to injuries Mr. Oatridge sustained when he was ejected from a Onewheel XR board on July 4, 2021. ECF No. 1 ("Compl."). Mr. Oatridge passed away on August 4, 2024, and Ms. Oatridge, through her counsel, filed a suggestion of death on the record on September 20, 2024. ECF No. 54. Ms. Oatridge now moves to be substituted as the proper party on behalf of the Estate of Darryl Martin John Oatridge. ECF No. 55. Defendant Future Motion, Inc. does not oppose the motion. The Court finds this motion suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). For the following reasons, the Court hereby GRANTS the motion to substitute.

**I.    LEGAL STANDARD**

Rule 25 addresses the death of a party: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). "In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely, (2) the claims pled are extinguished; and

(3) the person being substituted is a proper party." *Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, No. 19-cv-03435, 2023 WL 309399, at *1 (N.D. Cal. Jan. 18, 2023) (quoting *Veliz v. Cinta Corp.*, No. C 03-1180, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008)). "If Rule 25(a)(1) is met, '[t]he substituted party steps into the same position as [the] original party.'" *Id.* (quoting *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996)).

## II.     DISCUSSION

Ms. Oatridge's motion satisfies the requirements of Rule 25. First, her motion is timely: she filed her Suggestion of Death on September 20, 2024, ECF No. 54, and she filed the present motion less than 90 days later, on December 9, 2024, ECF No. 55. Second, the claims are not extinguished. "Generally, state substantive law governs whether a state law claim survives the death of party." *Casa Nido P'ship v. Kwon*, No. 20-cv-07923, 2024 WL 1421259, at *2 (N.D. Cal. Apr. 2, 2024). In this case, Mr. Oatridge's claims were originally filed in this district, so they are governed by California law. *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 699 (9th Cir. 2011) ("[T]he MDL transferee court is generally bound by the same substantive legal standards, if not always the same interpretation of them, as would have applied in the transferor court."). And in California, "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20(a). Therefore, Mr. Oatridge's claims have not been extinguished by his death, so the second requirement under Rule 25 is met.

Finally, Ms. Oatridge is a proper party. "The rule defines the 'proper party' for substitution as either 'the decedent's successor or representative.'" *Gilmore v. Lockard*, No. 1:12-cv-00925, 2020 WL 3288417, at *2 (E.D. Cal. June 18, 2020). The Court must look to California law to determine a "proper party" for purposes of Rule 25(a)(1). *See Chalfant v. United of Omaha Life Ins. Co.*, No. 15-cv-03577, 2016 WL 4539453, at *1 (N.D. Cal. Aug. 31, 2016). California law defines "personal representative" as an "executor, administrator, . . . successor personal representative . . . or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." Cal. Prob. Code § 58(a). California law defines "decedent's successor in interest" as "the beneficiary of the decedent's estate or other

successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code Civ. Proc. § 377.11. Here, Ms. Oatridge is both the executor of Mr. Oatridge's estate and Mr. Oatridge's surviving spouse, which makes her the successor-in-interest to the estate as well. *See* ECF No. 55-1, Declaration of Bridget Oatridge ("Oatridge Decl.") ¶¶ 1, 5–6. She is thus a proper party for substitution.

Having found all three conditions of substitution under Rule 25(a)(1) satisfied, the Court hereby GRANTS the Unopposed Motion to Substitute Bridget Oatridge as the Proper Party on Behalf of the Estate of Darryl Martin John Oatridge (ECF No. 55).

**IT IS SO ORDERED.**

Dated:  January 6, 2025

_____
BETH LABSON FREEMAN
United States District Judge